UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRODERICK K. HAWKINS,           )
                                )
        Petitioner,             )
                                )
v.                              )       No. 4:13CV01468 ERW
                                )
JEFF NORMAN,                    )
                                )
        Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is successive, and the Court will summarily dismiss it.

Petitioner seeks to challenge his conviction for first degree murder, first degree assault, and two counts of armed criminal action in the Circuit Court for the City of St. Louis.  State v. Hawkins, No. 22951-02770 (22nd Judicial Cir.).  Petitioner has twice brought § 2254 petitions in this Court seeking relief from this judgment.  Hawkins v. Luebbers, 4:02CV793 ERW (E.D. Mo.); Hawkins v. Purkett, 4:04CV1416 ERW (E.D. Mo.).  Both cases were dismissed as time-barred.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule.  In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam);  Quezada v. Smith, 624 F.3d 514,

519–20 (2d Cir.2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)); In re Flowers, 595 F.3d 204, 205 (5th Cir.2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive). The dismissal presents a "permanent and incurable" bar to federal review of the merits of the claim. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus, a habeas petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes. As a result, the instant petition is successive.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed. See 28 U.S.C. § 2254, Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

So Ordered this 30th day of July, 2013.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE